**SO ORDERED.**

**SIGNED this 1st day of October, 2014.**



BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Donna Kay Thomas Causey, | ) | Case No. 13-10833 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| Efird N. Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 13-02071 |
| | ) | |
| Donna Kay Thomas Causey and | ) | |
| Brian Causey, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

MEMORANDUM OPINION REGARDING
MOTIONS FOR SUMMARY JUDGMENT, MOTION FOR RELIEF FROM STAY,
REQUEST FOR COSTS, AND DISMISSAL OF
CLAIMS AS MOOT AND FOR LACK OF STANDING

This case is before the Court on the Motion for Summary Judgment [Adv. No. 13-10833,

Doc. # 43] (the "First Motion for Summary Judgment") and the Second Motion for Summary

Judgment [Adv. No. 13-10833, Doc. # 44] (the "Second Motion for Summary Judgment")

(collectively, the "Motions for Summary Judgment") filed by the Plaintiff, Efird N. Thomas, on June 17 and June 18, 2014, respectively. Defendant Donna Kay Thomas Causey ("Defendant Donna Causey" or "the Debtor"), against whom the Motions seek relief, filed her Response and Objection to Motions for Summary Judgment on July 8, 2014 [Adv. No. 13-10833, Doc. # 52] (the "Response"). Thereafter, the Plaintiff filed his Reply to Defendant Donna Causey's Response and Objection to Motions for Summary Judgment [Adv. No. 13-10833, Doc. # 54] (the "Reply to Response") on July 22, 2014. Pursuant to Local Rule 7007-1(d), the Court has considered the Motions on the pleadings, admissible evidence in the record, and motion papers and briefs without hearing or oral argument.[1]

## FACTS

1.     On June 25, 2013, Defendant Donna Causey filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code") in this Court [Ch. 7 Case No. 13-10833, Doc. # 1]. The Court established September 27, 2013, as the deadline for commencing actions to determine the dischargeability of any debts or objecting to Debtor's discharge (the "dischargeability deadline").

2.     On September 20, 2013, the Trustee moved to extend the dischargeability deadline on behalf of all parties in interest [Ch. 7 Case No. 13-10833, Doc. # 14], and on October 11, 2013, this Court entered an order extending the time within which to file any discharge or dischargeability complaints to November 28, 2013 [Ch. 7 Case No. 13-10833, Doc. # 21].

---

[1] Due to the resolution of all matters in the Complaint through this Memorandum Opinion and the accompanying judgment, the Court will enter a separate order denying: (i) the Motion to Intervene [Adv. No. 13-02071, Doc. # 23] filed by John F. Bloss, Trustee of the Efird N. Thomas Irrevocable Trust on May 13, 2014, and (ii) the Motion to Join Party [Adv. No. 13-02071, Doc. # 26] filed by the Plaintiff on May 14, 2014.

3.     On November 26, 2013, the Trustee again moved to extend the dischargeability deadline on behalf of all parties in interest [Adv. No.13-10833, Doc. #28], and on December 13, 2013, the Court entered an order granting this request, extending the dischargeability deadline through and including December 30, 2013 [Adv. No. 13-10833, Doc. #33].

4.     On December 20, 2013, the Plaintiff timely instituted the current adversary proceeding by filing a Complaint [Adv. No. 13-02071, Doc. #1] (the "Complaint") seeking to except certain obligations from the Debtor's discharge.  According to the Complaint, the Plaintiff is the beneficiary of the Efird N. Thomas Trust (the "Trust"), of which Defendant Donna Causey was the Trustee.  (Complaint ¶¶ 5-6).  The Trust was created pursuant to the Last Will and Testament of the Plaintiff's wife and funded by 4,244 shares of BellSouth Common Stock.  Id. ¶ 7.

5.     The Complaint does not contain a claim seeking to bar the Debtor's discharge, and, on January 29, 2014, the Court entered an order granting the Debtor's discharge [Ch. 7 Case No. 13-10833, Doc. # 41].

6.     Although the Trust provided for mandatory distribution of Trust income and discretionary distribution of Trust corpus to the Plaintiff, the Plaintiff asserts that Defendant Donna Causey diverted both for her own use, depriving him of the actual amount of Trust income from the years 2002-2008, depleting Trust corpus, and lowering future Trust income.  Id. ¶¶ 8-14.

7.     As a result of Defendant Donna Causey's actions, and prior to the institution of this bankruptcy proceeding, the Plaintiff filed a lawsuit in the General Court of Justice, Guilford County, North Carolina, Superior Court Division, No. 12 CVS 4898 (the "State Court Proceeding"), and obtained a judgment and award in the amount of $504,069 for actual and

punitive damages against Defendant Donna Causey on April 19, 2013 (the "State Court Judgment"). See (Motions for Summary Judgment, ex. 21).

8.    The Complaint in this case asserts that: (i) the State Court Judgment established a debt which is non-dischargeable under 11 U.S.C. § 523(a)(4) (the "First Claim for Relief"); (ii) Defendant Donna Causey's actions as Trustee constituted a defalcation, excepting the Plaintiff's damages from these actions from discharge under 11 U.S.C. § 523(a)(4) (the "Second Claim for Relief"); and (iii) Defendants Donna and Brian Causey violated 11 U.S.C. § 548 when the former fraudulently conveyed an interest in real property to the latter on January 18, 2012 (the "Third Claim for Relief"). The complaint also contains a motion for relief from stay for "cause," in that the Plaintiff "asserts that Defendant Donna Causey initiated the proceeding in Bankruptcy Court with improper motive with respect to the [State Court Judgment]," (Complaint ¶ 48) (the "Motion for Relief from Stay"). The prayer for relief requests that the costs of the action be taxed against the Defendants (the "Prayer for Costs").

9.    This Court issued a scheduling order on March 21, 2014 [Adv. No. 13-02071, Doc. # 20] (the "Scheduling Order") setting August 6, 2014 as the last day for filing dispositive motions and supporting materials.

10.    On June 17, 2014, the Plaintiff filed his First Motion for Summary Judgment, requesting that the Court enter an order: (i) finding that the debt rendered by the State Court Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); (ii) determining that the actions of Defendant Donna Causey constituted such willful and malicious injury by a debtor as contemplated by 11 U.S.C. § 523(a)(6), so that the debt rendered by the State Court Judgment is non-dischargeable; and (iii) finding that the Plaintiff is entitled to an appropriate award of attorney fees.

11. On June 18, 2014, the Plaintiff filed his Second Motion for Summary Judgment, adding distinct prayers for relief, and requesting that the Court enter an order confirming: (i) that Defendant Donna Causey is collaterally estopped from re-litigation of the issues of breach of fiduciary duties, constructive fraud and punitive damages with respect to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6);[2] and (ii) that the debt created by the State Court Judgment is non-dischargeable under the Doctrine of Unclean Hands, with Defendant Donna Causey prohibited from receiving any equitable relief from the Court (including a discharge) under the Doctrine of Unclean Hands.

12. Included among the exhibits attached to the Motions for Summary Judgment are the State Court Judgment and the instructions given to the jury in the State Court Proceeding. (First Motion for Summary Judgment ¶¶ 31-32); (Second Motion for Summary Judgment ¶¶ 31-32). See also (First Motion for Summary Judgment, ex. 1, at 18).

13. The jury verdict underlying the State Court Judgment made various specific findings, including that Defendant Donna Causey breached a fiduciary duty to the Plaintiff; took advantage of a position of trust and confidence in order to bring about the depletion of the Trust; and did not act openly, fairly, and honestly in bringing about Trust distributions. (State Court Judgment ¶¶ 1, 3a, 3b). Consequently, the jury awarded actual damages to the Plaintiff in the amount of $39,161 and punitive damages in the amount of $120,000. Id. ¶¶ 4, 6b. The Superior Court Judge further entered an award for costs and reasonable attorneys' fees in favor of the Plaintiff in the amount of $331,338 as part of the judgment, rendering the total State Court Judgment in the amount of: $159,161 plus prejudgment interest of $13,570, plus costs/reasonable

---

[2] The Second Motion for Summary Judgment contains a typographical error in this regard and refers to 11 U.S.C. § 523(4) and § 523(6), but it is clear from the four corners of the document that the Plaintiff meant to properly refer to the sections as outlined in the text.

attorneys' fees of $331,338, plus post-judgment interest on damages, costs, and reasonable attorneys' fees at 8% until paid in full.  Id. at paras. 7-8.

14.     According to the jury instructions attached to the Motions for Summary Judgment (the "Jury Instructions"), the jury was instructed to award punitive damages in the event that it found the existence of "malice" or "willful or wanton conduct."   (Motions for Summary Judgment, ex. 35).  The instructions defined "malice" as "sense of personal ill will toward the plaintiff that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the plaintiff." Id. at para 6.  The instructions defined "willful or wanton conduct" as

> the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm.  Willful or wanton conduct means more than gross negligence.

Id. at para 7.

15.     Defendant Donna Causey filed her Response to the Motions for Summary Judgment on July 8, 2014 [Doc # 52] (the "Response").  In her Response, she does not controvert any of the facts set forth in the Motions for Summary Judgment.  Therefore, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7056-1(c), this Court has considered the record submitted with the Motions for Summary Judgment, including without limitation the Jury Instructions in its review of the Motions for Summary Judgment.[3]

---

[3] Facts which the Court may consider on motion for summary judgment include those which the parties have properly supported in the record by way of admissible evidence.  See Fed. R. Civ. P. 56(a).  The Court may also consider any evidence in the record or as submitted by the parties if it would be possible to introduce the evidence at trial.  See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible into evidence."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").  What matters is not that the parties submit evidence in support or opposition to the motion in an admissible form, but that the "substance or content of the evidence . . . be admissible . . . ."  11 James Wm. Moore et al., Moore's Federal Practice ¶ 56.91[2] (3d ed. 2014).  Moreover, if a party fails to object to the inadmissibility of evidence offered in support of a motion for summary judgment, the Court may deem

16.     On July 18, 2014, Charles M. Ivey, III, the Trustee in Defendant Donna Causey's underlying bankruptcy proceeding (the "Chapter 7 Trustee") instituted an adversary proceeding pursuant to 11 U.S.C. § 548 with respect to the allegedly fraudulent transfer of certain real property from Defendant Donna Causey to Defendant Brian Causey on January 18, 2012, [Adv. No. 14-02020, Doc. # 1], a claim which is co-extensive with the Third Claim for Relief in the Complaint in this adversary proceeding.

## DISCUSSION

Summary judgment is appropriate when the matters presented to the Court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; Celotex, 477 U.S. at 322.  In considering a motion for summary judgment, the Court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party."  Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 179, 183 (4th Cir. 2001).  The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any.  Celotex, 477 U.S. at 323.  Once this initial burden has been met, the nonmoving party must then set forth specific facts sufficient to raise a genuine issue for trial.  Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Without weighing the evidence or making findings of fact, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 251-52.

---

any objection to admissibility waived and consider the evidence.  See Fed. R. Evid. 103(a); see also Local Rule 7056-1(c) ("All facts set forth in the statement of the movant shall be deemed admitted for the purpose of the motion for summary judgment unless specifically controverted by the opposing party.").

Although under Rule 56 of the Federal Rules of Civil Procedure, the Court may not, without adequate notice, grant summary judgment with respect to any claims beyond those claims for relief requested by the parties on motion for summary judgment, <u>Allstate Ins. Co. v. Fritz</u>, 452 F.3d 316, 323 (4th Cir. 2006), the Court may, nevertheless, raise and dismiss a claim <u>sua</u> <u>sponte</u> if the plaintiff lacks standing to assert the claim.  <u>See</u> <u>Marchese v. JPMorgan Chase Bank, N.A.</u>, 917 F.Supp.2d 452, 470 n.10 (D. Md. 2013) (citing <u>Allstate Ins. Co. v. Adkins</u>, No. 90-2321, 1991 WL 77673, at *3 (4th Cir. May 15, 1991); and <u>Juidice v. Vail</u>, 430 U.S. 327 (1977)).  Lack of standing to pursue a claim affects the Court's subject matter jurisdiction and should be raised by the Court <u>sua</u> <u>sponte</u> if not otherwise addressed by the parties.  <u>Allen v. Wright</u>, 468 U .S. 737, 750 (1984) (underscoring the independent obligation of federal courts to examine their own jurisdiction and explaining that standing "is perhaps the most important of [the jurisdictional] doctrines").  <u>See also</u> <u>In re Kirkland</u>, 600 F.3d 310, 314-15 (4th Cir.2010) ("Subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court <u>sua sponte</u>, at any time prior to final judgment." (citing <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514, (2006)).

In this case, the Court will grant in part the Motions for Summary Judgment, finding that the State Court Judgment is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4), dismiss the Second Claim for Relief as moot; deny the requests for relief in the Motions for Summary Judgment which are unsupported by any claim for relief in the Complaint; dismiss the Third Claim for Relief for lack of standing; deny the request for relief from stay as moot; and deny the request for reimbursement of costs.

A. **Motions for Summary Judgment**

I.    **Non-dischargeability under Section 523(a)(4)**

Each of the Motions for Summary Judgment requests that the State Court Judgment be excepted from the Debtor's discharge pursuant to Section 523(a)(4), and the Second Motion for Summary Judgment specifically requests that the Debtor be collaterally estopped from relitigating matters resolved by that judgment. Section 523(a)(4) of the Bankruptcy Code excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Plaintiff alleges that the State Court Judgment conclusively establishes the elements underlying a claim for non-dischargeability of a debt for defalcation while acting in a fiduciary capacity in this case pursuant to Section 523(a)(4). This Court agrees.

"It is well established that collateral estoppel applies in bankruptcy proceedings." Spell v. Longenecker (In re Longenecker), Ch. 7 Case No. 05-10492, Adv. No. 05-02035, 2007 WL 634058 (Bankr. M.D.N.C. Feb. 26, 2007) (citing Grogan v. Garner, 498 U.S. 279, 285 (1991)). Whether a state court judgment will have preclusive effect for purposes of collateral estoppel depends on the law in which the state court action was litigated. Duncan v. Duncan (In re Duncan), 448 F.3d 725, 728 (4th Cir. 2006). Under North Carolina law, collateral estoppel requires that the issue to be precluded must have been actually litigated and necessary to the state court judgment. King v. Grindstaff, 284 N.C. 348, 358, 200 S.E.2d 799, 806 (1973). See also Sartin v. Macik, 53 F.3d 284, 287-88 (4th Cir. 2008) ("In order to assert collateral estoppel under North Carolina law, a party must show that the issue in question was identical to an issue actually litigated and necessary to the judgment, that the prior action resulted in a final judgment on the merits, and that the present parties are the same as, or in privity with, the parties to the

earlier action."). There is no dispute that the parties in this case are the same in this adversary proceeding as in the State Court Proceeding, and that the State Court Judgment is a final judgment on the merits. Thus, in order to determine whether the State Court Judgment establishes a debt for defalcation in a fiduciary capacity, and, correspondingly, whether the Debtor should be precluded from relitigating the essential elements of Section 523(a)(4) in this proceeding, the Court first must consider the elements of a claim for defalcation while in a fiduciary capacity under that section, and then examine the State Court Judgment and the instructions given to the jury in the State Court Proceeding to determine the nature and extent of the issues that actually were litigated in the prior action. See Longenecker, 2007 WL 634058, at *3 (citing; In re Rownd, 210 B.R. 973, 977 (Bankr. E.D.N.C. 1997); In re Krauthemeimer, 210 B.R. 37, 53 (Bankr. S.D.N.Y. 1997); and In re Martin, 130 B.R. 930, 943 (Bankr. N.D. Ill. 1991)).

In order for a debt to be non-dischargeable for defalcation while in a fiduciary capacity, the Plaintiff must establish that: (1) the debt in issue arose while the Debtor was acting in a fiduciary capacity; and (2) the debt arose from the defalcation. See C& B Farms, Inc. v. Barnhart (In re Barnhart), Ch. 7 Case No. 11-80030, Adv. No. 11-09059, 2013 WL 3779908, at *5 (Bankr. M.D.N.C. July 18, 2013); Continental Casualty Co. v. York (In re York), 205 B.R. 759, 763 (E.D.N.C. 1997). In Bullock v. BankChampaign, N.A., --- U.S. ----, 133 S.Ct. 1754 (2013), the Supreme Court held that the term defalcation, as used in this section of the Code, "includes a culpable state of mind requirement" described "as one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." Id. at 1757.

The record before the Court reflects that the jury found Defendant Donna Causey breached a fiduciary duty to the Plaintiff, took advantage of a position of trust and confidence to bring about the depletion of the testamentary Trust, and did not act openly, fairly, or honestly in bringing about Trust distributions while acting as Trustee of the Trust. (State Court Judgment ¶¶ 1, 3a, and 3b).  As a result, the jury awarded the plaintiff actual compensatory damages in the sum of $39,161.  Id. ¶¶ 4, 6a, and 6b.

Importantly, the jury further awarded the Plaintiff punitive damages in the amount of $120,000.  Id.  The Jury Instructions reflect that the state court instructed the jury to award punitive damages only in the event that the Plaintiff proved, by clear and convincing evidence, the existence of "malice" or "willful or wanton conduct" in relation to his injury.  (Motions for Summary Judgment, ex. 35).  The instructions defined "malice" as a "sense of personal ill will toward the plaintiff that activated or incited the defendant to perform the act of undertake the conduct that resulted in harm to the plaintiff."  Id. at para 6.  The instructions defined "willful or wanton conduct" as

> the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm.  Willful or wanton conduct means more than gross negligence.

Id. at para 7.

The Court finds that the foregoing judgment and instructions are sufficient to render the State Court Judgment non-dischargeable pursuant to Section 523(a)(4).  There is no dispute that the Debtor acted as the trustee for the Trust, see [Adv. No. 13-10833, Doc. #'s 15 and 16] (the "Answers" ¶ 6), and, as the trustee for the Trust, the Debtor acted as the type of fiduciary contemplated by Section 523(a)(4).  See Barnhart, 2013 WL 3779908, at *5 (explaining that the class of fiduciaries contemplated by Section 523(a)(4) includes trustees of written declarations of

trust).  The jury specifically found that the Debtor, "as Trustee, breach[ed] a fiduciary duty to the Plaintiff," and that the Plaintiff was damaged in the amount of $39,161 as a result of this breach. (State Court Judgment ¶¶ 1 and 4).  Therefore, the State Court Judgment is sufficient to collaterally estop the Debtor from relitigating these issues in the context of this dischargeability proceeding.  In order to except the State Court Judgment from the Debtor's discharge, however, the Court must further determine whether the jury's verdict and the State Court Judgment sufficiently establish the requisite level of intent required to find that the Debtor's actions amounted to a "defalcation" as contemplated by the Bankruptcy Code.

The Debtor similarly cannot successfully dispute that the jury's verdict established the requisite intent for defalcation as defined by the Court in Bullock.  In order to award punitive damages pursuant to the Jury Instructions, the jury had to find either that the Debtor acted "willfully or wantonly," or with "malice."  Regardless of which finding underpinned the jury's award of punitive damages, either of these standards establishes that the Debtor acted at least knowingly or with gross recklessness as contemplated by the Court in Bullock.  To the extent that the jury awarded punitive damages due to Defendant Donna Causey's "willful or wanton" actions, as defined by the Jury Instructions, then it determined that she intentionally—and indifferently—disregarded the Plaintiff's rights, and, consequently, that she was aware of (i.e. knew) the inappropriate nature of her actions in light of her fiduciary obligations.  On the other hand, "malice" as contemplated by the jury instructions reflects an even higher form of culpability than the knowing indifference with which any "willful or wanton" actions may have been perpetrated.  Cf. Brian Timothy Beasley, North Carolina's New Punitive Damages Statute: Who's Being Punished, Anyway?, 74 N.C. L. Rev. 2174, 2197 (1996) (noting, in reference to the North Carolina statute upon which the Jury Instructions in this case were formulated, that

"[s]ince malice concerns cases where the defendant has ill will toward the particular claimant, it sets a higher threshold than willful or wanton conduct, which only requires indifference. Thus, it is unclear whether malice will ever have to be proven to receive punitive damages, since the statute authorizes an award if willful or wanton conduct is shown."). Therefore, while it is unclear from the record whether the jury found Defendant Causey to have acted "willfully or wantonly" or with "malice," the award of punitive damages in the Plaintiff's favor necessarily establishes the knowing and/or reckless standard of intent established in Bullock. As a result, the debt created by the State Court Judgment[4] meets the elements of "defalcation" while acting in a fiduciary capacity, as defined in Section 523(a)(4). Defendant Donna Causey is now collaterally estopped from relitigating these issues. Summary judgment is granted to the Plaintiff with respect the First Claim for Relief, and the Second Claim for Relief as contained in the Complaint is therefore moot.

## II.    Non-dischargeability under Section 523(a)(6)

In addition to requesting in the Motions for Summary Judgment that the Court determine the State Court Judgment non-dischargeable under Section 523(a)(4), the Plaintiff also has requested in the Second Motion for Summary Judgment that the Court except the State Court Judgment from the Debtor's discharge pursuant to Section 523(a)(6). The Court denies the Motion in this respect.

---

[4] The Court's reference to the debt created by the State Court Judgment includes those punitive damages awarded by the jury in the State Court Proceeding, as well as attorney fees, costs, and interest. See Cohen v. De La Cruz, 523 U.S. 213 (1998) (discussing the meaning of "debt for" for purposes of non-dischargeability under Section 523(a)(2) and concluding that a Chapter 7 debtor's obligation to pay treble damages plus attorney fees and costs as a result of his actual fraud were sums to be included within Section 523(a)(2)(A), which excepts from discharge any debt for money, property, services, or credit, to the extent obtained by false pretense, false representation, or actual fraud); Credit Experts, LLC v. Santos (In re Santos), 2012 WL 2564366, at *8 (Bankr. E.D.Va. July 2, 2012) (including treble damages within the context of a debt under Section 523(a)(4)); DirecTV v. Karpinsky (In re Karpinsky), 328 B.R. 516, 528 (Bankr. E.D.Mich. 2005) (applying the Supreme Court's analysis in Cohen to Sections 523(a)(4) and (a)(6) and noting that "[a]lthough §§ 523(a)(4) & (a)(6) were not at issue in Cohen, the Supreme Court cited §§ 523(a)(4) & (a)(6) as clear examples of instances in which statutory damages, including attorney's fees, that exceed actual damages would be non-dischargeable").

Not only is this request moot in light of the Court granting summary judgment with respect to the First Claim for Relief, but summary judgment also only may be granted on a claim or defense, or part of any claim or defense asserted in the pleadings.  Fed. R. Civ. P. 56(a).  See also Greene v. Life Care Centers of America, Inc., 586 F. Supp. 2d 589, 592 (D.S.C. 2008) (noting that Summary judgment is "an important mechanism for weeding out 'claims and defenses [that] have no factual basis.'" (quoting Celotex, 477 U.S. at 327)).   The Complaint in this case requests that the Court find the debt created by the State Court Judgment non-dischargeable under 523(a)(4), or in the alternative, requests a determination that Defendant Donna Causey's actions as Trustee constituted a defalcation, excepting the Plaintiff's damages from these actions from discharge under 11 U.S.C. § 523(a)(4).  The Complaint does not request relief or assert a claim for non-dischargeability under Section 523(a)(6), nor does the Complaint request a determination that Defendant Donna Causey's actions as Trustee constituted "willful and malicious injury . . . to another entity or to the property of another entity," 11 U.S.C. § 523(a)(6).  Therefore, the Court may not grant summary judgment to the Plaintiff for non-dischargeability under Section 523(a)(6).[5]  To the extent that the Motions for Summary Judgment request relief under Section 523(a)(6), the motions are denied.

---

[5] Even if the Complaint contained a request for the Court to determine that the State Court Judgment rendered the debt at issue non-dischargeable under Section 523(a)(6), the Court would deny a motion for summary judgment on this basis pursuant to Spell v. Longenecker (In re Longenecker), 2006 WL 2051846, at *2 (Bankr. M.D.N.C. 2007). In Spell, the court held that jury instructions defining willful and wanton conduct as "'the conscious and intentional disregard of or indifference to the rights and safety of others which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm'" were insufficient to support the application of collateral estoppel under Section 523(a)(6), because these instructions did not require a finding of intent to cause injury. Id. at *1.  In Duncan v. Duncan (In re Duncan), 448 F.3d 725 (4th Cir. 2006), the Fourth Circuit made clear that Section 523(a)(6) "applies only to 'acts done with the actual intent to cause injury'" and "is not satisfied by negligent, grossly negligent, or reckless conduct." 448 F.2d at 729 (emphasis added by the Court) (quoting Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998)).  The instructions given to the jury in this case mirror those in Spell and did not mandate a finding of intent to cause injury, as required under Duncan and Geiger.  Thus, even if the Plaintiff had requested the application of collateral estoppel under Section 523(a)(6) in the Complaint, the Court would not grant such relief pursuant to the Motions for Summary Judgment.

### III.    Non-dischargeability Under Doctrine of Unclean Hands and General Prevention of Equitable Relief

The Court similarly will deny the Plaintiff's request in the Motions for Summary Judgment that the Court refrain from providing any equitable relief to the Debtor (including a discharge of the debt owed to the Plaintiff) pursuant to the doctrine of unclean hands.  In addition to the fact that this request exceeds the scope of the Complaint and the fact that, to the extent that it requests that the Court deny the Debtor a discharge in general, it amounts to an improper request by motion to revoke the Debtor's discharge, the general doctrine of unclean hands is not a proper basis upon which a court may except a debt from discharge, or bar or revoke a debtor's discharge.  The Supreme Court has made clear that exceptions to discharge are limited to those plainly expressed.  Geiger, 523 U.S. at 62; Gleason v. Thaw, U.S. 558, 562 (1915).  Moreover, "[w]hen considering the applicability of an exception to discharge, [courts] construe the exception narrowly 'to protect the purpose of providing debtors a fresh start.'"  Nunnery v. Rountree (In re Rountree), 478 F.3d 215, 219 (4th Cir. 2007) (quoting Foley & Lardner v. Biondo (In re Biondo), 180 F.3d 126, 130 (4th Cir. 1999)).  If this Court were to interpret Section 523(a) as allowing equitable exceptions to discharge under general common law principles, such a holding would impermissibly widen the scope of these provisions of the Code, and, in effect, swallow-up or render superfluous those exceptions enumerated in Section 523(a).

The Court similarly may not apply broad common law principles to establish additional bars to debtors receiving a discharge beyond those plainly expressed in Section 727 of the Code. "Generally, a Chapter 7 debtor's conduct, no matter how reprehensible, will not forfeit discharge unless covered by one of the grounds listed in Section 727," Bernstein v. Carl Zeuiss, Inc. (In re Berstein), 78 B.R. 619, (S.D. Fla. 1987).  See also Peters v. Michael (In re Michael), 433 B.R. 214 (Bankr. N.D. Ohio 2010) (explaining that the statutory grounds for denial of a Chapter 7

discharge are exclusive); <u>Cantor, Anderson & Bordy v. Smith (In re Smith)</u>, 95 B.R. 468, 469 (Bankr.W.D.Ky.1988) ("Exceptions to discharge should be limited to those clearly expressed in the Code, with exceptions not expressly included being excluded by implication."). Courts have, consequently, noted that those grounds for discharge enumerated in Section 727 furnish creditors with "a vehicle under which abusive debtor conduct can be dealt with by denial of a discharge[,]" <u>Blockman v. Becker (In re Becker)</u>, 74 B.R. 233, 236 (Bankr. E.D. Tenn. 1987) (internal citations omitted). In light of the gravity of denying a debtor the benefits of a discharge, Section 727 is construed liberally in favor of the debtor. <u>See</u> Fed. R. Bankr. P. 4005 ("At trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."). Here, the Plaintiff failed to file an objection to the Debtor's discharge as provided under Federal Rule of Bankruptcy Procedure 4004, and the Court entered an order granting the Debtor's discharge on January 29, 2014. The Court fails to understand what, if any, other "equitable relief" the Plaintiff seeks to prevent the Debtor from obtaining, and will not now revoke the Debtor's discharge pursuant to the Motions for Summary Judgment. The Plaintiff's request for summary judgment under the doctrine of unclean hands is denied.

## IV.   Request for Attorney Fees

The final request for relief contained within the Motions for Summary Judgment is that the Court award reasonable attorney fees to the Plaintiff. This request does not pertain to a request for fees incurred and included as part of the debt created by the State Court Judgment, but rather constitutes a specific request for the further award of fees incurred by the Plaintiff in connection with this adversary proceeding and the Motions for Summary Judgment. To the extent that the Motions for Summary Judgment request such relief, the motions are denied.

Under the American Rule, each party bears the cost of litigation absent statutory authority or an enforceable contractual agreement to the contrary.  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247-48 (1975); MR Crescent City, LLC v. Draper (In re Crescent City Estates, LLC), 588 F.3d 822, 825 (4th Cir. 2009).  Courts generally agree that there is "[n]o statutory basis in the Bankruptcy Code that provides generally for attorney's fees for a prevailing creditor in a § 523 action," James R. Barnard, D.D.S., Inc. v. Silva (In re Silva), 125 B.R. 28, 30 (Bankr. C.D. Cal.1991).  See, e.g., McCoun v. Rea (In re Rea), 245 B.R. 77, 90 (N.D. Tex. 2000) ("The Bankruptcy Code does not provide for the recovery of attorney's fees for dischargeability litigation."). The courts are split as to whether a court may award attorneys' fees in a dischargeability action if state law independently allows such fees with respect to the underlying cause of action.  Compare Official Comm. of Unsecured Creditors v. Dow Corning Corp. (In re Dow Corning Corp.), 456 F. 3d 668, 686 (6th Cir. 2006) ("In this circuit, an unsecured creditor may recover those costs to which it has a state-law-based right against a solvent debtor, regardless of the nature of the federal proceedings. State law may, of course, require an examination of the nature of the proceedings in federal court, but absent such state law concerns, the federal law of th[e] [Sixth] [C]ircuit does not limit contractual awards of attorneys' fees to situations where the issue of contract enforceability was litigated in bankruptcy court."), with Renfrow v. Draper, 232 F.3d 688, 696 (9th Cir. 2000) ("Because the issues presented in [the dischargeability claim] are purely federal, no attorney's fees may be awarded by a bankruptcy court for litigating these questions.").

It is unnecessary in this case for the Court to decide whether, in an appropriate case, the Court might award attorneys' fees to the prevailing party in a non-dischargeability proceeding where the underlying state cause of action authorizes the award of such fees.  The State Court

Judgment adjudicated the underlying claims fully (and awarded substantial attorneys' fees), and the only relief sought in this Court was a determination of dischargeability. This is a purely federal question, and, therefore, to the extent that the Plaintiff seeks fees in this action, it only can be in connection with the federal dischargeability determination, rather than pursuant to the underlying claims for which the Plaintiff already was awarded fees by the State Court. Moreover, even if Section 523 provided a mechanism for the award of attorneys' fees, which it does not, the Plaintiff has not provided the Court with any evidence from which the Court could allocate such fees. See Solar v. United States (In re Soler), 261 B.R. 444, 464 (Bankr. D. Minn. 20001) (denying request of the United States for attorney fees and costs, despite determination that debtor's student loan obligations were non-dischargeable, because the United States did not provide any basis for or evidence for such an award). Finally, the plaintiff's request for an award of attorney's fees exceeds the scope of the Complaint, which contains a prayer solely for an award of the costs of the action. The Court therefore denies the Motions for Summary Judgment with respect to the request for attorneys' fees.

### B. Dismissal of Remaining Claims

The foregoing rulings on the Motions for Summary Judgment dispose of the First and Second Claims for Relief. The Court further has reviewed the remainder of the Complaint, and will dismiss sua sponte the Third Claim for Relief and deny the Motion for Relief from Stay for the reasons set forth below.

### I.        Fraudulent Conveyance under Section 548

In the Third Claim for Relief, the Plaintiff requests that the Court set aside an allegedly fraudulent transfer made by the Defendants under 11 U.S.C. § 548. Because the Plaintiff lacks

the proper standing to bring such a complaint, however, the Court will dismiss this claim for relief.

Section 548 provides, in relevant part, that "[t]he <u>trustee</u> may avoid any transfer of an interest of the debtor in property" under certain special circumstances.   11 U.S.C. § 548 (emphasis added).   Unless and until the bankruptcy trustee abandons a claim for relief under Section 548, creditors of the estate lack standing to bring any action thereunder, or one too similar in object and purpose.   <u>See</u> <u>Poth v. Russey</u>, 99 Fed. Appx. 446, 457 (4th Cir. 2004) ("When a creditor brings a state-law challenge to a transaction that a bankruptcy trustee could avoid as a fraudulent conveyance, the state-law claim for relief is so similar in object and purpose to the fraudulent conveyance claim that the creditor lacks standing to assert it." (internal citation omitted)); <u>Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.</u>, 187 F.3d 439, 441 (4th Cir. 1999) ("Until the trustee has abandoned his potential fraudulent conveyance action, the [creditors] cannot proceed. . . .   In fact, this circuit has explicitly held that until there is an 'abandonment' by the trustee of his claim the individual creditor has no standing to pursue it." (referencing <u>Steyr-Daimler-Puch of Am. Corp. v. Pappas</u>, 852 F.2d 132, 136 (4th Cir.1988)).

In this case, the Plaintiff, a creditor of Defendant Donna Causey's bankruptcy estate, is attempting to exercise the bankruptcy trustee's avoidance powers under Section 548.   The Chapter 7 Trustee has not abandoned this claim for relief.   In fact, the Chapter 7 Trustee instituted his own adversary proceeding under 11 U.S.C. § 548 with respect to the same allegedly fraudulent transfer of real property from Defendant Donna Causey to Defendant Brian Causey on January 18, 2012 , [Adv. No. 14-02020, Doc. # 1].   Thus, the Plaintiff lacks standing to bring this claim, and the Court dismisses the Third Claim for Relief.

## II.      Relief from Stay under Section 362

The Complaint further contains a motion for relief from stay for cause under Section 362(d)(1).  The motion is denied.  When the Court entered the discharge in this case on January 29, 2014, the automatic stay terminated with respect to the Debtor, mooting the request for relief from stay to the extent that it seeks relief to pursue the Debtor for actions not covered by the discharge injunction.  <u>See</u> 11 U.S.C. §§ 362(c)(2)(C) and 524(a).  Due to the Court's finding that the State Court Judgment is excepted from discharge under 11 U.S.C. §523(a)(4), the discharge injunction does not apply to actions to enforce this debt against the Debtor.  <u>See</u> 11 U.S.C. § 524(a).  Nevertheless, the automatic stay remains in effect with respect to the enforcement of the state Court Judgment against property of the estate under 11 U.S.C. § 362(c)(1), unless and until such property ceases to be property of the estate.  The Court will not modify the stay to permit the Plaintiff to pursue property of the estate which has not been abandoned by the Trustee or otherwise removed or excluded from the estate.  The request for relief from stay consequently is denied.

## III.      Reimbursement of Costs

The final prayer contained in the Complaint is a request for the reimbursement of costs of the action.   Plaintiff has not asserted any specific basis upon which costs should be awarded in this case, apparently relying on such costs being awarded as a matter of course in civil proceedings.  Unlike in general civil proceedings before the district court, Rule 54(d) of the Federal Rules of Civil Procedure does not apply in adversary proceedings.  Therefore, costs are not awarded as a matter of course in adversary proceedings and an award of costs is within the discretion of the Court.  <u>See</u> Fed. R. Bankr. P. 7054(a).  The Court will deny the request for costs in this case.

## CONCLUSION

Pursuant to Rule 7058 of the Federal Rules of Bankruptcy Procedure and in accordance with the foregoing Memorandum Opinion, a judgment will be entered in this case: (1) GRANTING the Motions for Summary Judgment with respect to the First Claim for Relief; (2) DENYING the Motions for Summary Judgment with respect to the Second Claim for Relief and DISMISSING that claim as MOOT; (3) DISMISSING the Third Claim for Relief for lack of standing; (4) DENYING the remaining requests for relief in the Motions for Summary Judgment and the Complaint as set forth herein; and (5) DIRECTING the clerk of court to close this adversary proceeding.

**END OF DOCUMENT**